UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN LYONS; CHRISTIN DEACON; PATRICK COLLIGAN; MARC KOVAR; MARK FLORES; and VINCE FLORES, on behalf of the UNITED STATES OF AMERICA AND THE STATE OF NEW JERSEY,<br><br>       *Plaintiffs/Relators*,<br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>       *Defendant.* | Hon. Claire C. Cecchi<br><br>*Civil Action No.* 2:21-cv-20188-CC-AME<br><br>**UNSEALING ORDER** |

**WHEREAS** on November 23, 2021, pursuant to the *qui tam* provisions of the New Jersey

False Claims Act, N.J.S.A. 2A:32C-1 to -17, ("NJFCA") and the federal False Claims Act, 31

U.S.C. §§ 3729 – 3733 ("Federal FCA"), Plaintiff-Relators Kevin Lyons, Patrick Colligan, Marc

Kovar, Christin Deacon, Mark Flores, and Vince Flores (collectively, "Relators") filed a complaint

(the "Original Complaint") under seal in the above-captioned matter (the "Civil Action").

**WHEREAS** on April 6, 2022, Relators filed the *First Amended Complaint and Jury*

*Demand* (the "Amended Complaint," and together with the Original Complaint, the "Relators'

Complaints") in the Civil Action.

**WHEREAS** Relators' Complaints principally allege that Defendant Horizon Healthcare

Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon") violated the

NJFCA and the Federal FCA ("Federal Claims") in connection with Horizon's role as the sole

Third-Party Administrator under a contract issued pursuant to Bid Solicitation T2846–State Health

Benefits Program and School Employees Health Benefits Program Plans and Blanket Purchase

Order 20-PROSV-00951, effective January 1, 2020 through June 30, 2024.

**WHEREAS** the United States having declined intervention on the Federal Claims pursuant to 31 U.S.C. § 3730(b)(4)(B) of the Federal FCA.

**WHEREAS** the State of New Jersey ("State") having intervened in this matter pursuant to N.J.S.A. 2A:32C-5(g)(1) of the NJFCA with the filing of the partially redacted *Attorney General of New Jersey's Complaint in Intervention*, along with an executed settlement agreement, for purposes of settlement;

The Court therefore rules as follows:

IT IS on this ___13 th___ day of ___November___, 2025,

**ORDERED** that the following be unsealed on November 14, 2025: (i) the *Ex Parte* Notice of Election to Decline Intervention for the United States & Notice of Election to Intervene for the State of New Jersey, along with the (ii) partially redacted *Attorney General of New Jersey's Complaint in Intervention*, (iii) the executed Settlement Agreement, and (iv) this Order;

**IT IS FURTHER ORDERED** that Relators' Complaints shall remain under seal, and the State's Complaint in Intervention shall remain partially redacted, pending adjudication of a forthcoming motion by Defendant to (i) permanently seal Relators' Complaints or, in the alternative, make permanent redactions to Relators' Complaints of personally identifiable information ("PII") including individuals' names and job titles; and (ii) make permanent the redactions to the State's Complaint-in-Intervention of PII including individuals' names and job titles (the "Seal Motion"). Defendant shall have thirty (30) days from either (i) expiration of the Court's most recent Standing Order In re Stay of Civil Matters involving U.S. as a Party, or (ii) the end of the government shutdown, whichever is sooner ("Motion Due Date"), to file the Seal Motion. Any responses thereto shall be filed thirty (30) days from the Motion Due Date (the

"Response Date"), and any reply shall be filed fifteen (15) days from the Response Date; and

**IT IS FURTHER ORDERED** that all other contents of the Court's file in this action shall remain under seal and not be made public or served upon Defendant or Relators.

HON. CLAIRE C. CECCHI
United States District Judge