# ZAZZALI, P.C.

A PROFESSIONAL CORPORATION
**ATTORNEYS AT LAW**

| | | |
|---|---|---|
| ANDREW F. ZAZZALI (1899-1969) | 570 BROAD STREET, SUITE 1402 | COUNSEL |
| | NEWARK, N.J. 07102 | KATHLEEN NAPRSTEK CERISANO |
| ANDREW F. ZAZZALI, JR. | Telephone:  (973) 623-1822 | JASON E. SOKOLOWSKI |
| ROBERT A. FAGELLA** | Telecopier:  (973) 623-2209 | DANIEL GEDDES‡‡ |
| RICHARD A. FRIEDMAN | | |
| EDWARD H. O'HARE* | | |
| COLIN M. LYNCH** | 150 West State Street | OF COUNSEL |
| RAYMOND M. BALDINO** | Trenton, New Jersey  08608 | JAMES R. ZAZZALI*** |
| ALBERT J. LEONARDO** | Telephone: (609) 392-8172 | PAUL A. MONTALBANO |
| SHEILA MURUGAN** | Telecopier: (609) 392-8933 | BRADY M. CONNAUGHTON** |
| ZACHARY RAMSFELDER** | | MATTHEW G. CONNAUGHTON** |
| WESLEY B. FRIEDMAN**** | | |

www.zazzali-law.com

**Please Reply to Newark**

*Also admitted Pennsylvania
**Also admitted New York
***Also admitted New York and DC
****Also admitted New York and Illinois
‡‡Workers Compensation Law Attorney

December 24, 2025

**VIA ECF**
Hon. Andre M. Espinosa, U.S.M.J
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> Re: **Lyons, et als. v. Horizon Healthcare Services, Inc.**
> **Case No. 21-cv-20188-CCC-AME**
>
> **Request to Extend Return Date on Motion to Seal (ECF Dkt. No. 34)**

Dear Judge Espinosa:

This firm is legal counsel to the New Jersey State Policemen's Benevolent Association ("State PBA").  We write to the Court with respect to the motion filed under seal (ECF Dkt. 34) which we presume to be a motion by the defendant, Horizon Healthcare Servies, Inc. ("Horizon") to permanently seal and/or redact filings in his matter, including, but not limited to the Relators' Complaint (ECF Dkt. No. 1) and First Amended Complaint (ECF Dkt. No. 7), pursuant to this Court's Unsealing Order dated November 13, 2025. (ECF Dkt. No. 30). Aware of the terms of the Unsealing Order and having observed no filings on the record in this matter, the undersigned wrote to the Court on December 19, 2025 (ECF Dkt. No. 31), inquiring if the Complaint and First Amended Complaint would be unsealed pursuant to that Order.  While we

342021
89900-000

received no response to that correspondence, on December 23, 2025, we observed the filing of the sealed motion in this matter uploaded on said date, though filed on December 12, 2025, the deadline for Horizon to move pursuant to the Unsealing Order. The Clerk's text entry of December 23rd lists the return date on the motion as January 5, 2025.

As noted in the undersigned's letter of December 19th, the State PBA has interests in this matter. First, three of the named Relators to the Qui Tam action – Kevin Lyons, Patrick Colligan and Marc Kovar, served as Executive Officers of the State PBA at the time of the filing of the Complaint and First Amended Complaint to this matter. Based solely on the limited unsealed records in this case, more specifically, the State of New Jersey's Complaint in Intervention, it appears that these Relators may, at least potentially, have predicated their *Qui Tam* action, in part, based upon information obtained by them by virtue of their roles as Executive Officers of the State PBA, giving rise to questions from its members regarding potential duties owed by them to the State PBA under the organization's Constitution and Bylaws and potential common law Duties of Loyalty owed to the organization. In addition, many members of the State PBA receive medical benefits by and through the New Jersey State Health Benefits Plan ("NJSHBP") which, as per the State's Complaint in Intervention, contracts with the State to administer NJSHBP benefits. As such, the State PBA also has an interest on behalf of its members generally into reviewing the allegations set forth in the Relators' Complaint and First Amended Complaint and what, if any, conduct alleged by the Relators concerns its members and whether the State's Settlement Agreement with Horizon and/or the Relators adequately addresses those concerns. And we respectfully submit that the taxpaying public, including, but not limited to the State PBA's members, have a similar interest as well.

It is the intention of the State PBA to move intervene in this proceeding for purposes of addressing the pending motion under seal and to oppose same pursuant to the standards set forth in In re Cendant Corp., 260 F.3d 183 (3rd Cir. 2001). In doing so, the State PBA intends to factually flesh out its interests in intervention in this matter and the basis for its opposition pursuant to the standards set forth in Cendant. However, the current timeframe upon which the motion is scheduled to be heard potentially precludes the State PBA's ability to fully address these issues before the Court. We note that although the motion to seal was filed on December 12th, it was not posted on the publicly available Docket until December 23rd the day before Christmas Eve, with a return date shortly following the New Year's Day holiday, leaving only approximately six (6) business days to the return date of the application.

In light of the forgoing, on behalf of the State PBA, we are requesting a thirty (30) day extension of time in this matter to file its motion to intervene and in opposition to the pending motion so that the State PBA may fully and adequately present its arguments for why maintaining the seal in this matter is contrary to the interests of the organization, its members, public policy and the interests of the public writ large. An extension of the return dates will, respectfully, not prejudice the parties to this matter since the extension request is for a limited time and the materials shall remain under seal in the interim.

342021
89900-000

We thank the Court for its attention to this matter.

Respectfully Submitted,

/s/ *Colin M. Lynch*
Colin M. Lynch, Esq.

CL:em

342021
89900-000