**ZAZZALI, P.C.**
Colin M. Lynch, Esq.
Attorney I.D.#: 038381998
570 Broad Street, Suite 1402
Newark, New Jersey 07102
Telephone (973) 623-1822
Facsimile  (973) 623-2209
clynch@zazzali-law.com
Attorneys for the State PBA

| | |
|---|---|
| KEVIN LYONS; CHRISTIN DEACON, PATRICK COLLIGAN, MARC KOVAR, MARK FLORES, and VINCE FLORES, on behalf of the UNITED STATES OF AMERICA and the STATE OF NEW JERSEY, <br><br> *Plaintiff/Relators,* <br><br> v. <br><br> HORIZON HEALTHCARE SERVICES INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> *Defendant.* | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** <br><br><br> **Civil Action No. 2:21-cv-20188-CC-AME** |

---

**BRIEF IN SUPPORT OF THE NEW JERSEY STATE POLICEMEN'S BENEVOLENT ASSOCIATION'S MOTION TO INTERVENE**

---

Of Counsel and on the Brief:
Colin M. Lynch (038381998)

On the Brief:
Sheila Murugan (227662017)

342652

### <u>PRELIMINARY STATEMENT AND STATEMENT OF FACTS[1]</u>

On November 23, 2021, Kevin Lyons, Marc Kovar, Patrick Lyons, Christin Deacon, Vince Flores, and Mark Flores (collectively, "Relators") filed their *qui tam* complaint in this action against Horizon Healthcare Services, Inc. ("Horizon") alleging violations under the False Claims Act. <u>N.J.S.A.</u> §2A:32C-1 to -17. The Complaint, and subsequent pleadings, were and remain under seal.

The Complaint purportedly alleges that Horizon violated the New Jersey False claims Act and the Federal False Claims Act in connection with Horizon's role as the third-party administrator in accordance with its contract with the State of New Jersey to provide benefits under the State Health Benefits Program ("SHBP"). On April 6, 2022, the Relators filed the First Amended Complaint. The United States of America declined to intervene with respect to the federal claims. However, the State of New Jersey elected to intervene and filed its own Complaint in Intervention. The parties thereafter executed a settlement agreement ("Agreement") resolving the claims in this case.

On November 13, 2025, this Court entered a publicly filed order [ECF30]. This unsealing order held that Relators' Complaints shall remain under seal, and the State's Complaint in Intervention shall remain partially redacted, pending adjudication of Horizon's forthcoming motion to permanently seal or make permanent redactions to the Relators' Complaints. On December 12, 2025, it is believed and/or understood that Horizon filed such a motion to seal [ECF34].

The New Jersey State Policemen's Benevolent Association ("State PBA") seeks to intervene in this action for the purpose of reviewing Horizon's Motion to Seal and, if warranted,

---

[1] Moving party relies herein on the public record, the publicly available docket entries, and the Certification of Peter Andreyev attached hereto and incorporated herein by way of reference.

342652

oppose this Motion in order to access the Relators' Complaint and First Amended Complaint, and other relevant sealed filings. Members of the State PBA receive medical benefits by and through the New Jersey State Health Benefits Plan which contracts with Horizon to administer SHBP benefits. As such, the State PBA retains an interest on behalf of its members in reviewing the allegations set forth in the Relator's Complaints and whether the settlement agreement addresses those concerns.

Moreover, it is believed that the Complaint and Amended Complaint may at least potentially be predicated on information obtained by Relators Colligan, Kovar, and Lyons, through the course of their official duties as Officers and/or employees with the State PBA Organization. This at least gives rise to questions regarding potential duties owed by them to the State PBA under the organization's Constitution and Bylaws, and potential common law duties of loyalty owed to the organization.

The State PBA therefore requests to intervene to be afforded the opportunity to review and, if appropriate, oppose Horizon's Motion to Seal in either whole or part. For the reasons set forth herein, the State PBA's Motion to Intervene should, respectfully, be granted.

## LEGAL ARGUMENT

**THIS COURT SHOULD GRANT THE STATE PBA'S APPLICATION PERMITTING INTERVENTION TO OPPOSE HORIZON'S MOTION TO PERMANENTLY SEAL AND/OR REDACT THE ORIGINAL AND FIRST AMENDED COMPLAINT AND RELATED COURT FILINGS.**

The Third Circuit has "routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings." Bonner v. Justia Inc., Civil Action No. 3:18-cv-9187 (PGS) (LHG), 2019 U.S. Dist. LEXIS 139807 *4 (D.N.J. Aug. 19, 2019). Fed. R. Civ. Pro. 24 governs motions to intervene, which can be granted as of right or permissively. It is well-

342652

established that the permissive intervention standard is utilized when evaluating a litigant's claim to challenge a protective or confidentiality order. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994) ("the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action."); Nelson v. Nissan N. Am., Inc., No. 11-5712 (JEI/AMD), 2014 U.S. Dist. LEXIS 200305 *5 (D.N.J. Dec. 22, 2014) ("Intervention is permitted for limited purposes, where, as here, a non-party seeks to protect the confidentiality of its documents.").

Pursuant to Rule 24(b)(1), the court may grant permissive intervention if the intervenor: (1) acts timely; and (2) shares a claim or defense with the case. In weighing the timeliness of a motion, the Court must consider: (1) the stage of the proceedings reached when the applicant seeks to intervene; (2) the prejudice that the resulting delay might cause to other parties; and (3) the reason for the delay. Choike v. Slippery Rock Univ., 297 F. App'x 138 (3d Cir. 2008).

Moreover, there exists a common law right of access to judicial materials. In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). The common law right of access standard is utilized when evaluating whether a judicial record should remain under seal. Pursuant to that standard, there are few reasons to justify the sealing of court records. Id. at 671. "The right of access includes the right to attend court proceedings and to inspect and copy public records and documents, including judicial records and documents." Id. at 672. It is only when the movant shows that the "interest in secrecy outweighs the presumption" and that "disclosure will work a clearly defined and serious injury to the party seeking closure" can the record remain permanently under seal. Id. at 672.

342652

Here, intervention is warranted to permit the State PBA the opportunity to oppose Horizon's request the Complaint remain be permanently sealed or redacted. First, the State PBA acted in a timely manner. The *qui tam* Complaint was initially filed in November 2021. However, that document, and all subsequent filings up until the November 13, 2025, order, were filed under seal and not made publicly available. It was therefore reasonable that the State PBA first became aware of this matter due to the publicly filed unsealing order on November 13, 2025. [ECF30]

Once the State PBA learned of this action, it acted with diligence. Pursuant to the terms of the November 13, 2025, Order, Horizon was to file a motion to seal or permanently redact the Complaints within thirty (30) days. However, no motion had been posted on the docket. The State PBA, therefore, wrote to the Court on December 19, 2025, to inquire whether the Complaints were to be unsealed. [ECF31] On December 23, 2025, the Court uploaded what is presumed to be Horizon's motion to seal. [ECF34] This document was backdated to December 12, 2025.

On December 24, 2025, the State PBA wrote the Court to request an extension of the deadlines pertaining to Horizon's motion to seal in order to permit the State PBA to intervene. [ECF35] Following this, the State PBA coordinated with the other parties in this case to set a new briefing schedule. Horizon submitted this proposed briefing schedule to the Court on January 6, 2025. [ECF36] This stipulated briefing schedule was consented to by all parties in the case. The Court entered this order on January 15, 2025. [ECF37]

Now, the State PBA moves to intervene for the sole purpose of opposing Horizon's motion to seal in order to access and unseal the Relators' Complaints and related sealed filings. At this juncture, there is no prejudice to the other parties in this case, nor would intervention

342652

cause any delay in the proceedings, as the matter has already been resolved by way of settlement. Accordingly, the State PBA acted timely with respect to seeking intervention.

Second, the State PBA shares a claim and interest with Relators such that Defendant's actions may have constituted violations of the False Claims Act. The State PBA is a state-wide organization representing over 32,000 active law enforcement officers in the State of New Jersey and approximately 23,000 retired law enforcement officers. It represents law enforcement officers in the state, county, and municipal levels of government. It is the parent organization of over 360 affiliated local PBAs and, as such, protects and furthers the legal, economic, and professional interests of all law enforcement personnel represented by those locals.

The SHBP, through its contract with Horizon, is responsible for providing medical and prescription drug benefits to the employees of the State of New Jersey, in addition to county and local municipal employes who opt into coverage, including the State PBA and its locals. Accordingly, the funding of the SHBP and the benefits provided by and through Horizon have a direct impact on the health, welfare, and compensation of thousands of members of the State PBA who receive their benefits through the SHBP. The State PBA (and the taxpaying public at large) have a interest in reviewing the totality of the allegations in the pleadings in this matter and the factual basis for same for purposes of analyzing the alleged wrongdoing by Horizon, its impact on the SHBP and its participants, including the members of the State PBA, and whether the Agreement between the parties adequately addresses that alleged wrongdoing and/or compensates the SHBP and/or the participants in the SHBP with respect to same.

Of note, it is public record that the SHBP is under substantial financial stress at this time, which poses a threat to the health benefits available to current and retired members. All public employees, and the taxpaying public, therefore, also retain an interest in reviewing these

342652

documents. As such, it is respectfully submitted that the State PBA has an interest in reviewing Horizon's actions that triggered Relators' lawsuit if otherwise legally appropriate. In the absence of a review of those allegations, it remains unknown whether the settlement agreement addresses those allegations, addresses the full scope of the fraud alleged, and adequately compensates the SHBP for same.

In addition, the State PBA has an organizational interest in several of the Relators' roles in filing the action. Three of the named Relators to the *qui tam* action- Patrick Colligan, Marc Kovar, and Kevin Lyons- served as Executive Officers and/or employees of the State PBA at the time of the filing of the *qui tam* Complaint and First Amended Complaint to this matter. It is also believed that they served in these roles during the time period giving rise to the facts and allegations that comprise the *qui tam* Complaint and First Amended Complaint.

While the State PBA casts no aspersions on their participation in the litigation and takes no present position with respect to same, the membership of the State PBA has raised reasonable questions about the nature and source of their participation and information in the Relators' pleadings, and whether Relators' participation in the litigation and compensation received by them pursuant to the Agreement is consistent with any duties or obligations owed to the organization as a whole pursuant to its Constitution and Bylaws and other common law duties. See e.g., Swift v. Pandey, Civil Action No. 13-649 (JLL), 2013 U.S. Dist. LEXIS 161590 *29 (D.N.J. Nov. 13, 2013) ("Common law…imposes on a director a duty of loyalty to the corporation served." Such duty of loyalty includes a duty to avoid conflicts of interest, an issue which is implicated here.). As such, the organization has an interest in reviewing the pleadings and associated filings to at least review and analyze the questions posed by its membership

342652

relating to the participation of its Officers and/or employees in the litigation and ultimate settlement of same.

For the forgoing reasons, it is respectfully submitted that the State PBA has cognizable interests to intervene in this matter for the limited purpose of reviewing (under seal as may be appropriate), Horizon's pending application to permanently seal and/or redact the filings in this matter and, if legally warranted and otherwise appropriate, file opposition to the same in whole or part.

## **CONCLUSION**

For the foregoing reasons, the New Jersey State PBA respectfully requests that this Court grant its Motion for Intervention.

Respectfully submitted,

*/s/ Colin M. Lynch*
Colin M. Lynch, Esq.

*/s/ Sheila Murugan*
Sheila Murugan, Esq.

342652