**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN LYONS; CHRISTIN DEACON, PATRICK COLLIGAN, MARC KOVAR, MARK FLORES, and VINCE FLORES, on behalf of the UNITED STATES OF AMERICA and the STATE OF NEW JERSEY,<br><br>*Plaintiff/Relators*,<br>v.<br><br>HORIZON HEALTHCARE SERVICES INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>*Defendant*. | Civil Action No. 2:21-cv-20188-CC-AME |

**STIPULATION AND ORDER RESOLVING THE STATE PBA'S MOTION TO INTERVENE & REVISING DEADLINES FOR HORIZON'S SEAL MOTION**

Plaintiff/Relators Kevin Lyons, Christin Deacon, Patrick Colligan, Marc Kovar, Mark Flores and Vince Flores (collectively, the "Relators"), the United States of America (the "United States"), the State of New Jersey (the "State"), defendant Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield Of New Jersey ("Horizon," together with Plaintiff/Relators, the United States and the State, the "Parties"), and non-party New Jersey State Policemen's Benevolent Association (the "State PBA"), by and through their respective undersigned counsel, state as follows:

1. On January 14, 2026, this Court entered a stipulation and order re-setting the schedule for a pending motion to seal by Horizon as to the Relators' Complaint and First Amended Complaint (ECF Doc. No. 34, the "Seal Motion") and setting a schedule for a motion to intervene by the State PBA (the "Intervention Motion"). (ECF Doc. No. 37, the "Scheduling Order").

2. On January 23, 2026, the State PBA timely filed the Intervention Motion (ECF Doc. No. 38), and included in its filing a supporting brief (ECF Doc. No. 38-2); Certification of Peter

Andreyev, the current President of the State PBA, attesting to the State PBA's interests in the matter (ECF Doc. No. 38-1); and proposed form of order (ECF Doc. No. 38-3).

3. In its brief, the State PBA, among other things, (a) cited Fed. R. Civ. P. 24(b) (Permissive Intervention) and relevant case law; (b) respectfully submitted that it had "cognizable interests to intervene in this matter for the limited purpose of reviewing (under seal as may be appropriate), [the Seal Motion] and, if legally warranted and otherwise appropriate, file opposition to the same in whole or in part"; and (c) posited that said intervention would not prejudice the Parties or cause any delay in the proceedings, "as the matter has already been resolved by way of settlement." (ECF Doc. No. 38-2).

4. Before any responses to the Intervention were due to be filed according to the Scheduling Order, the Parties and the State PBA met and conferred as to the Intervention Motion and agreed upon the following resolution:

a. The State PBA shall be permitted to intervene in this matter for the sole purpose of reviewing the Seal Motion and filing an opposition to said motion if the State PBA determines it is legally warranted and otherwise appropriate to do so.

b. For the sake of clarity, the State PBA hereby acknowledges it does not seek and/or has no standing or permission to intervene in this matter to object to or otherwise challenge the settlement.

c. The State PBA shall be allowed to review Horizon's Seal Motion papers, except the Declaration of Maddalena R. Zefferino, Esq. (the "Zefferino Decl."), which attaches copies of the Relators' Complaint and First Amended Complaint, and the Appendix U tables, which quote the allegations in those complaints.

d. Horizon's counsel shall email a copy of its Seal Motion papers, excluding the Zefferino Decl. and the Appendix U tables, to the State PBA's counsel within two (2) business days from the date the Court enters this Stipulation and Order on the docket. The State PBA and its counsel shall treat the copy as confidential, as the papers were filed and remain under seal.

e. Any response to Horizon's Seal Motion, including by the Relators, the United States, the State or the State PBA, shall be filed under seal.

f. The Relators, the United States, and the State shall redact any direct quotes from the Relators' Complaint and/or First Amended Complaint in their responses to the Seal Motion before sending copies of the responses to the State PBA.

5. Any responses to the Seal Motion shall be filed on or before **March 10, 2026**.

6. Any reply in further support of the Seal Motion shall be filed on or before **March 24, 2026**.

7. The return date of the Seal Motion shall be **April 6, 2026**.

8. The following Parties and the State PBA join in this stipulation and proposed order through their counsel.

Dated: February 3, 2026

**WINDELS MARX LANE & MITTENDFORF LLP**

*/s/ Antonio J. Casas*
By: Antonio J. Casas, Esq.
180 Park Avenue
Florham Park, NJ 07932-1054
973-966-3203
acasas@windelsmarx.com
*Attorneys for Defendant Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield Of New Jersey*

**OFFFICE OF THE NEW JERSEY ATTORNEY GENERAL**

*/s/ Lara J. Fogel*
By: Lara J. Fogel, Esq.
Assistant Attorney General
Office of the New Jersey Attorney General
124 Halsey Street, 5th Floor
PO Box 45029-5029
Newark, NJ 07101
609-647-9136
Lara.Fogel@law.njoag.gov
*Attorneys for the State of New Jersey*

**U.S. ATTORNEY'S OFFICE**

*/s/ Kruti Dharia*
By: Kruti Dharia, Esq.
970 Broad Street
Newark, NJ 07102
973-645-2891
Kruti.dharia@usdoj.gov
*Attorneys for the United States of America*

**MCKOOL SMITH, PC**

*/s/ David Ian Schiefelbein*
By: David Ian Schiefelbein
McKool Smith, PC
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-702-9400
dschiefelbein@mckoolmsith.com
*Attorneys for Plaintiff-Relators Patrick Colligan, Marc Kovar, Christin Deacon, Mark Flores, Vince Flores*

**ZAZZALI, P.C.**

*/s/ Colin Lynch*
By: Colin Lynch, Esq.
570 Bond Street
Suite 1402
Newark, NJ 07102
973-623-1822
clynch@zazzali-law.com
*Attorneys For Non-Party New Jersey State Policemen's Benevolent Association*

**SO ORDERED** this 4th day of March 2026:

*/s/ André M. Espinosa*
Honorable Andre M. Espinosa
United States Magistrate Judge